```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #:
                                        DATE FILED: 01/30/2017
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
ANTHONY TABATZNIK,                  :
                                    :
                    Plaintiff,      :
                                    :   No. 14 Civ. 8135 (JFK)
    -against-                       :
                                    :   **MEMORANDUM OPINION &**
ANDREW TURNER,                      :              **ORDER**
                                    :
                    Defendant.      :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

In a March 30, 2016 Opinion & Order (the "Opinion"), this Court (1) granted Plaintiff Anthony Tabatznik's motion for summary judgment to enforce the amount owed on a promissory note; and (2) granted in part and denied in part Plaintiff's motion for interest, fees, and costs. Defendant Andrew Turner has moved for reconsideration of a section of the Opinion finding that the reasonable rate for the work of non-attorneys employed by Plaintiff's counsel is $200 per hour. For the reasons set forth below, the motion for reconsideration is denied.

The standards controlling a motion for reconsideration are set forth in Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. Under these strict standards, reconsideration should be denied "unless the moving party can point to controlling decisions or data that the court

1

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Here, the Court's Opinion explained that the rates charged by Plaintiff's counsel, Kobre & Kim LLP, for the work of its "legal analysts" ($375 per hour) and "litigation assistants" ($185 per hour), were unreasonable. (Opinion at 32-33.) Rather than reducing each rate independently, however, the Court applied a blended rate for the work of non-attorneys in both positions. (Id. at 34.) The Court noted that "contemporaneous cases in the Southern District of New York—albeit for different causes of action—suggest that paralegal fees range between $100 and $280." (Id. at 33 (citing Doe v. Unum Life Ins. Co. of Am., No. 12 Civ. 9327(LAK)(AJP), 2016 WL 335867, at *6 (S.D.N.Y. Jan. 28, 2016) (approving $200 paralegal rate); Tackney v. WB Imico Lexington Fee, LLC, No. 10 Civ. 2734(PGG), 2015 WL 1190096, at *5 (S.D.N.Y. Mar. 16, 2015) (approving $135 paralegal rate); Genger v. Genger, No. 14 Civ. 5683, 2015 WL 1011718, at *3 (S.D.N.Y. Mar. 9, 2015) (approving a paralegal rate of $260-80 even though it "might reflect some degree of largesse"); Sprint Commc'ns Co. v. Chong, No. 13 Civ. 3846 (RA), 2014 WL 6611484, at *8 (S.D.N.Y. Nov. 21, 2014) (approving $180-205 paralegal rate); Berrian v. City of N.Y., No. 13 Civ. 1719(DLC)(DF), 2014 WL 6611356, at *7 (S.D.N.Y. July 28, 2014) (approving $100

paralegal rate)). Considering the relative complexity of this multitransaction, multijurisdictional case, the Court applied a blended rate of $200 per hour.

In seeking reconsideration and the application of a lower rate for Kobre & Kim LLP's litigation assistants, the Defendant points to what he argues is an inconsistency in the Court's Opinion. Specifically, the Defendant contends that "the Court expressly held that the $185 hourly rate for Kobre & Kim's litigation assistants exceeded the 'reasonable rate in this district for paralegal services,' yet increased that rate from $185 to $200 per hour in the Order." (Def.'s Mem. at 2 (quoting Opinion at 33).) However, as explained above, the Court applied a blended rate to encompass the work of both litigation assistants and legal analysts. Thus, there was no inconsistency in applying a rate that was $15 above the rate charged for litigation assistants and $175 below the rate charged for legal analysts. As the Court explained, the blended $200 hourly rate was well within the range that other courts in this district have found reasonable for comparable non-attorney services. (See Opinion at 33-34.)

Accordingly, the Defendant's motion for reconsideration is denied. Plaintiff is directed to, within 10 days of the date of

3

this Order, electronically file an updated calculation of interest due under the promissory note.

**SO ORDERED.**

Dated:  New York, New York
        January 30, 2017

_____
Hon. John F. Keenan
United States District Judge